OPINION OF THE COURT
Rosenblatt, J.
Defendant Gary Walters rented a car. After an acquaintance allegedly stole the car and totaled it, the rental company sued Walters for the damage. General Business Law § 396-z *397 prohibits a rental company from holding an “authorized driver” liable for damage to the rental car in excess of $100. The question before us is whether that limitation applies when someone other than the “authorized driver” was operating the car when damaged. We hold that it does.
Listing himself as the only “authorized driver,” Walters rented a car from plaintiff Americar Rental System. Several nights later, after parking the car in his driveway, Walters went to bed. While he was sleeping, Ron Bacon — Walters’ houseguest — took the keys and made off with the car. The next morning, Walters discovered the car missing and reported it stolen to both the Baldwinsville Police and Americar. Three days later, the Niagara County Sheriff’s Department found the car irreparably damaged and abandoned in a field. The Sheriff’s Department located Bacon and, after he confessed, arrested him for Criminal Possession of Stolen Property.
Americar sued Walters and Bacon to recover the full value of the rental car plus towing expenses. Americar asserts that Walters breached the express terms of the Rental Agreement by allowing an unauthorized driver — Bacon—to operate the car. Paragraph four of the Agreement provides that the authorized driver “may not engage in any willful and wanton misconduct, which among other things, may include reckless conduct such as: * * * permit [ting] the use of the car by anyone other than an authorized driver.”
Walters moved for summary judgment pursuant to CPLR 3212 arguing that General Business Law § 396-z nullifies paragraph 4 of the Agreement by insulating him from liability in excess of $100. Americar cross-moved for summary judgment on its breach of contract claim. Supreme Court granted Walters’ motion and denied Americar’s. The Appellate Division affirmed, with two Justices dissenting. Americar appeals to this Court as of right (see, CPLR 5601 [a]). We affirm.
General Business Law § 396-z (2) states as a general rule that “[n]o rental vehicle company renting private passenger motor vehicles shall * * * hold an authorized driver liable for actual damage to, or loss of, such rental vehicle” (emphasis added). It then carves out six exceptions to this rule (see, General Business Law § 396-z [2] [a] — [f]).[1] Concededly, none of them applies. Notwithstanding the general rule, section 396-z (3) *398 does allow a rental company to recover up to $100 for “actual damage to, or loss of, a rental vehicle caused by such authorized driver” (General Business Law § 396-z [3]).
Walters claims he is an “authorized driver” and, as such, Americar cannot hold him liable for more than $100. The definition of an “authorized driver” includes a “person to whom the vehicle is rented if a licensed driver” (General Business Law § 396-z [1] [a] [i]). Clearly, Walters — a licensed driver “to whom the vehicle [was] rented” — is an authorized driver under the statute.
Americar asserts that even though Walters is an “authorized driver” the $100 liability cap does not apply when someone other than an authorized driver — i.e., someone like Bacon— was driving the rental car when it was damaged. Americar argues that the word “driver” would lose its import if the statute protected “authorized drivers” who were not driving the rental car at the time of damage. Moreover, Americar argues that public policy prohibits interpreting section 396-z so as to place the risk of loss or damage entirely on rental car companies even when renters lend cars to unauthorized or unlicensed drivers, who in turn, damage the cars. These arguments are unavailing.
When a statute’s language is clear and unambiguous, we must construe it so as to give effect to the plain meaning of its words (Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675). Here, the statutory language leaves no room for Americar’s interpretation. Under section 396-z (1) (a), Walters was an “authorized driver.” Americar, therefore, cannot hold him “liable for actual damage to, or loss of’ the rental car unless one of the exceptions applies (General Business Law § 396-z [2]). As Americar concedes, none does.
The legislative history of section 396-z is entirely in keeping with its plain wording. Nothing in the legislative history sug *399 gests that the Legislature intended to impose the added requirement that an “authorized driver” be driving the rental car at the time of damage. Rather, the Legislature enacted the statute to protect rental car consumers in general. It did not contemplate that the consumer, to invoke the statutory protection, had to be driving the car at the time of damage (see, Mem of Senator Bruno, Bill Jacket, L 1988, ch 784 [“(R)ental car consumers will be liable for the costs of repair to rental vehicles only under certain enumerated circumstances.”]; Mem of Attorney General, Bill Jacket, L 1988, ch 784 [“This bill would * * * cap the consumer’s liability for damage to a rented car at $100.”]).
The year after section 396-z was enacted, the rental industry complained about its increased exposure to liability (Mem in Support, Bill Jacket, L 1989, ch 66). In response, the Legislature, among other things, narrowed the definition of “authorized driver” (L 1989, ch 66, § 3); created a new exception enabling the rental company to hold an authorized driver liable for failing to obtain an accident report after an accident (L 1989, ch 66, § 4); and required authorized drivers to report a theft of a rental car to police or the rental company within 48 hours of learning of the theft (L 1989, ch 66, § 7). These amendments fortify our conclusion. Even the second time around, no one, including the rental car industry, advanced the prospect of holding an “authorized driver” liable for damage occurring while an unauthorized driver operated the rental car.
Invoking public policy, Americar argues that under Walters’ interpretation, a consumer could rent a car, lend it to an unauthorized driver and still benefit from the $100 cap. It is for the Legislature, however, to determine that this concern outweighs competing considerations designed to protect consumers and allocate losses in connection with car rentals. The Legislature could have written in a seventh exception enabling rental companies to recover fully against authorized drivers for damages occurring while unauthorized drivers were behind the wheel. Illinois did.[2] New York did not.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
*400 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Wesley concur.
Order affirmed, with costs.

. The six exceptions, i.e., instances in which the rental company can hold an authorized driver liable, are: “where: (a) the damage or loss is caused intentionally by an authorized driver or is caused by such authorized driver’s *398 willful and wanton misconduct; (b) the damage or loss arises out of an authorized driver’s operation of the motor vehicle while intoxicated by alcohol or impaired by the use of drugs within the meaning of [Vehicle and Traffic Law § 1192]; (c) the damage or loss arises out of an authorized driver’s participation in any organized speed racing competition; (d) the damage or loss arises out of the use of the vehicle when carrying persons or property for hire; (e) the damage or loss arises out of the use of the vehicle while an authorized driver is committing a felony or otherwise engaged in a criminal act in which the damage or loss of such vehicle is caused by such criminal activity; or (f) the authorized driver fails to furnish the rental vehicle company a report of an accident and the rental vehicle company complies with [a specified] procedure” (General Business Law § 396-z [2]).

. The former Illinois statute, similar to the current New York statute, prohibited rental companies from holding renters liable for damage to rental cars in excess of $200 (see, 625 Ill Comp Stat § 5/6-305 [d] [repealed 1997]). Unlike the New York statute, however, Illinois’ liability cap did not apply if the “damage occurs while the vehicle is operated by a person other than an authorized driver” (625 Ill Comp Stat § 5/6-305 [d] [7]). Illinois has since *400 amended its statute by deleting the $200 liability cap altogether (1997 Ill Pub Act 90-113).